[Civ. No. 9931.   Third Dist.   June 23, 1961.]

WITTNER APPLIANCES (a Partnership) et al., Respondents, v. WILLARD O. TRAMMELL, SR., et al., Defendants; CORWIN S. JOHNSON et al., Appellants.

Laurence W. Carr and Carr & Kennedy for Appellants.

David W. Packard for Respondents.

VAN DYKE, P. J.—This appeal involves the liability of successive assignees of a conditional sales contract for the obligation of the first assignor.

Under date of September 23, 1955, Corwin S. and Lena Johnson, husband and wife, hereinafter called "Johnsons," entered into a contract with Security Land and Development Company, Inc., a copartnership, hereinafter called "Security," for the purchase by Johnsons from Security of certain real property for which Johnsons were to pay $46,000. The contract also covered the purchase of certain appliances for which Johnsons were to pay $4,225. That part of the contract which governed the purchase and sale of the real estate was closed through a title company in the usual manner and the real estate transaction having been completed, there was left unperformed the mutual obligations of the parties concerning the purchase of the appliances. On this subject the contract provided: "Buyer agrees to purchase the following appliances: eight (8) Automatic GE Washers; eight (8) GE Electric ranges; eight (8) GE refrigerators of the total sum of Four Thousand two hundred twenty-five dollars ($4,225.00)." It appears that prior to the contract between Security and Johnsons defendant Willard O. Trammell, Sr., president of Security, had entered into a conditional sales contract with plaintiffs wherein he agreed to purchase from plaintiffs the washers, ranges and refrigerators which Security later agreed to sell to Johnsons, and that the conditional sales contract also covered the purchase by Trammell of eight coolers, all for a total contract price of $7,000, made up of the sum of $5,745.20

as the actual purchase price of the articles, plus the sum of $1,254.80 as the time sales charge. This contract furnished the basis for the judgment herein. It antedated the contract between Security and Johnsons by approximately one month and plaintiffs had, contemporaneously with its execution, assigned their interests to the Bank of America under a dealer-repurchase agreement. The eight coolers had been installed upon the roof of the buildings situated on the real property purchased by Johnsons and were there at the time Johnsons viewed the property and agreed to buy it. The washers, ranges, and refrigerators were in the building and were being used by tenants under rental arrangements.

Trammell's contract with plaintiffs for the purchase of all the 32 appliances contained remedial provisions available to plaintiffs if Trammell should breach his contract. After the contract had been assigned to the bank it was breached, and the bank reassigned to plaintiffs and held them on the repurchase agreement. The provisional remedies for breach included the usual right of repossession, sales for the account of the purchaser, liability of the purchaser for deficiency, and liability of the purchaser for expenses and attorney fees incurred by the seller in pursuit of remedies for breach.

Plaintiffs' theory at the trial was that Johnsons and Security, along with Trammell, had become directly liable to them to perform the obligations of Trammell as purchaser from plaintiffs because of various mesne assignments and assumptions. The court found that plaintiffs had repossessed the 24 appliances, excluding the coolers, and had incurred expense in so doing in the sum of $670; that plaintiffs had sold these repossessed appliances for $2,400; that payments had been made on the purchase price under the conditional sales contract to the amount of $1,043.68, and that there was then due and unpaid upon the terms of the Trammell contract the sum of $5,956.32, plus charges and expenses incurred in repossessing the articles and the sum of $750 for the services of an attorney. The court further found that Trammell had assigned his rights under the conditional sales contract to Security and that Security had agreed to assume his obligations thereunder; that Security had in turn assigned its rights under the contract to Johnsons, who had assumed its obligations to pay the amounts owed. The court concluded, as a matter of law, that plaintiffs could enforce the conditional sales contract against Johnsons, Security and Trammell. From the judgment which followed Johnsons, alone, have appealed.

The Johnsons-Security contract set no time for the performance of the mutual obligations of the parties with respect to the purchase and sale of the appliances mentioned therein.

■■ "By implication of law, one who buys personal property at an agreed price agrees to pay the price. If no time of payment is agreed on, the law fixes the time of delivery as the time of payment." (43 Cal.Jur.2d § 70, pp. 203-204.)

After the closing of the real estate escrow, there was considerable dealing and negotiation between Johnsons, Security and Trammell concerning the purchase of appliances. Security's real estate agent testified that no specific time or manner of payment had been fixed in the Johnsons-Security contract because it was uncertain as to whether Johnsons would prefer to pay in cash, to buy on time, or to take an assignment of the conditional sales contract and purchase thereunder. He said it was considered that the Johnsons, being people of substance, could handle it in any way they chose and it was left for future dealing to determine how that would be done. Corwin Johnson testified that before anything further had been done he found that some of the appliances were not in the apartment house, that those that were there were in poor condition and were the subject of complaints by tenants; that in the end he refused to buy the appliances and that part of Johnsons-Security contract was rescinded. Johnsons denied that the Trammell purchase contract had ever been assigned to them. Johnsons took the position that the coolers were part of the building and had been bought and paid for; that they were innocent purchasers for value without notice of the claims of plaintiffs. Trammell, the original purchaser of all of the appliances from plaintiffs, testified that he had assigned his conditional sales contract to Security; that Security had assumed and agreed to pay plaintiffs; that Security had in turn assigned to Johnsons, who had in turn assumed the obligation to pay; that the sum of $4,225, stipulated in the Johnsons-Security contract, was the amount then unpaid under the conditional sales contract, and that the coolers had been left out of the Johnsons-Security contract by mistake. He said that Johnsons knew, when they executed the Johnsons-Security agreement and when they took possession of the real estate, that the coolers had not been paid for; that he had informed them concerning the facts and terms of his contract for the purchase of all the appliances from plaintiffs, and that the understanding was that Johnsons would assume the obligations under the conditional sales contract and pay the amount still

unpaid. As to the Johnsons' contentions that they had purchased the coolers when they purchased the building, the court found against them. The court found that when Johnsons took possession of the real estate they knew the coolers had not been paid for and were subject to the timeplan contract; that they were not innocent buyers in good faith, depending upon the appearance that the coolers were a part of the building.

The court's findings that Trammell had transferred his rights under the conditional sales contract to Security, that Security had assumed his obligations, that Security had transferred its interests thereunder to Johnsons, and that Johnsons had assumed the obligation to pay, are supported by the evidence and in turn support the judgment against Trammell, Security and Johnsons.

Trammell's right, upon payment, to obtain legal title to the appliances was transferable. By such transfer, however, Trammell could not get rid of his duty to pay unless released by plaintiffs. (5 Cal.Jur.2d § 55, p. 337.) He could, however, having transferred his rights to Security, delegate also the duty to pay. This would not relieve Trammell, but since Security could, in consideration of the transfer of rights, validly bind itself to perform the delegated duty and did so, plaintiffs became, by operation of law, creditor-beneficiaries of the agreement between Trammell and Security. The same legal rights and duties arose from the transaction between Security and Johnsons, which left Security still bound, but made Johnsons liable for the payments to be made, and plaintiffs could then hold Trammell, Security and Johnsons. (4 Corbin on Contracts, § 866, p. 453, and § 864, p. 430; Rest., Contracts, chap. 6, p. 151 et seq. "Contractual Rights of Persons Not Parties to the Contract," § 133, subd. (1) (b), p. 152; § 139, p. 165; see also § 141, subd. (1), p. 167; *Dick* v. *Woolson*, 106 Cal.App.2d 415, 419-420 [235 P.2d 119]; *Jegen* v. *Berger*, 77 Cal.App.2d 1 [174 P.2d 489].)

One part of the judgment appealed from requires further comment. It appears that when plaintiffs undertook to repossess the appliances, Johnsons not only took the position that they were not obligated to pay for any of the appliances, but also that with respect to the coolers they had already purchased and paid for them as a part of the building. They permitted repossession of the appliances save the coolers, but as to them they forbade plaintiffs to enter upon the property for the purpose of repossession. Plaintiffs thereupon proceeded to sell the appliances they had repossessed. When they filed

this action they sought recovery in a separate count for the value of the coolers, apparently on the theory of conversion. The judgment of the court fully satisfied all of plaintiffs' rights and the court did not adopt plaintiffs' theory of conversion. However, apparently in recognition of the practical situation as to the coolers, the court decreed that Johnsons could, if they elected to do so, return the coolers and receive a specified credit upon the judgment. This does no harm to appellants and they cannot here complain.

The judgment appealed from is affirmed.

Peek, J., and Schottky, J., concurred.